## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**KENNETH LYNN FRANKLIN**                                         **PLAINTIFF**

**V.**                          **NO. 4:16CV00799 BSM-JTR**

**NANCY A. BERRYHILL,[1]**
**Acting Commissioner,**
**Social Security Administration**                               **DEFENDANT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## I.  Introduction:

Plaintiff, Kenneth Lynn Franklin, applied for supplemental security income benefits on November 5, 2013, alleging a disability onset date of March 15, 2013 (Tr. at 26). After conducting a hearing, the Administrative Law Judge ("ALJ")

---

[1] Berryhill is now the Acting Commissioner of Social Security and is automatically substituted as Defendant pursuant to Fed. R. Civ. P. 25(d).

denied his application. (Tr. at 33). The Appeals Council denied his request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner. Franklin has requested judicial review.

For the reasons stated below, the Commissioner's decision should be affirmed.

## II.   The Commissioner's Decision:

The ALJ found that Franklin had not engaged in substantial gainful activity since the application date of November 5, 2013. (Tr. at 28). At Step Two, the ALJ found that Franklin has the following severe impairments: history of left ankle injury and loss of central vision acuity. *Id.*

After finding that Franklin's impairment did not meet or equal a listed impairment (Tr. at 29), the ALJ determined that Franklin had the residual functional capacity ("RFC") to perform the full range of medium work, except that he must not use foot controls or climb ladders, ropes, or scaffolds, and Franklin is not able to see out of his right eye (monocular vision). *Id.*

The ALJ found that Franklin had no past relevant work. (TR. at 32). At Step Five, the ALJ relied on the testimony of a Vocational Expert ("VE") to find that, based on Franklin's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that he could perform, specifically non-construction laborer, dishwasher, and motor transportation worker. *Id.*

Consequently, the ALJ found that Franklin was not disabled. *Id.*

## III.   Discussion:

### A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

B.   Franklin's Arguments on Appeal

Franklin argues that substantial evidence does not support the ALJ's decision to deny benefits. He contends that: (1) the ALJ did not give proper weight to treating physicians, Dr. D'Orsay Bryant, M.D., and Dr. John Alexander, M.D.; (2) the ALJ did not conduct a proper credibility analysis; and (3) the hypothetical posed to the VE did not incorporate all of Franklin's functional limitations. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

Franklin's main complaints were a broken left ankle, pain from a cyst on his right wrist, and diminished vision in his right eye. He claims he broke his ankle in 1987 and it still bothers him. (Tr. at 59). A left ankle x-ray taken on February 21, 2014, revealed no acute fracture or dislocation with unremarkable bones and joint spaces. (Tr. at 328). On January 24, 2014, at the first of two recorded visits with Dr. Bryant, an orthopedic surgeon, Franklin said he fell out of a deer stand and injured his right wrist. (Tr. at 329). Franklin said that neither wrist braces nor Advil or Ibuprofen helped with pain. *Id*. Gripping and writing caused him pain. *Id*. Dr. Bryant found a tender mass on the right wrist, but Phalen's and Tinel's tests were negative, and x-rays of the right wrist were negative for acute bony injury. *Id.* Nevertheless, Dr. Bryant said he could not "do activities of daily living" or use his right hand. *Id.* On February 7, 2014, Dr. Bryant evaluated Franklin at Magnolia Hospital in advance

4

of excision of the cyst. (Tr. at 359). At that appointment, Dr. Bryant found full motion of the digits, with intact neurovascular status. *Id.*

State-agency consulting examiner Dr. Shailesh C. Vora, M.D., completed a medical source statement on February 19, 2014. (Tr. at 335-340). He found good range of motion in all parts of Franklin's body, except for a slight reduction of motion in the left ankle. (Tr. at 337). Dr. Vora found normal vision, except for a right cataract (Tr. at 337-339), normal gait, no muscle spasm or muscle atrophy, and 100% grip strength for both hands. (Tr. at 338). Franklin could walk without an assistive device, walk on heels and toes, and squat or arise from a squatting position. *Id.* Dr. Vora found mild impairment in the ability to walk and stand due to the ankle injury. (Tr. at 339).

Dr. John Alexander, M.D. saw Franklin three times, for hypertension, sinusitis, and a laceration to his face. (Tr. at 345-350). Franklin did not complain of ankle, wrist, or eye problems at those appointments. *Id.* His musculoskeletal exams with Dr. Alexander were normal. *Id.* Dr. Alexander did not place any functional restrictions on Franklin, nor did he suggest more than conservative care for acute conditions. *Id.* However, on April 21, 2015, Dr. Alexander filled out a medical source statement, opining that Franklin could never sit, lift, carry, stand, walk, grasp, climb, balance, kneel, or otherwise move at all. (Tr. at 355). There are no notes on

the medical source statement explaining Dr. Alexander's opinion and he does not refer to any objective testing. *Id.*

Franklin saw a specialist at Jones Eye Institute in Little Rock for cataracts and a retinal tear from "head on head trauma from a linebacker and serial killer." (Tr. at 382). Dr. Sunali Goyal, M.D., diagnosed hypertensive retinopathy and suggested monitoring the condition. *Id.*

Two state-agency medical consultants reviewed the records in March and June 2014 and found Franklin would be capable of medium work, with limited pushing or pulling of left foot controls. (Tr. at 79, 91).

It is the ALJ's function to resolve conflicts among the various treating and examining physicians. *Wagner v. Astrue*, 499 F.3d 842, 848 (8th Cir. 2007)(*quoting Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001)). The statements of a treating physician may be discounted if they are inconsistent with the overall assessment of the physician or the opinions of other physicians, especially where those opinions are supported by more or better medical evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1013-14 (8th Cir. 2000); *see House v. Astrue*, 500 F.3d 741, 744 (8th Cir. 2007).

The ALJ in this case gave appropriate weight to the medical opinions, affording little weight to those of the two treating physicians and great weight to that

of Dr. Vora. Objective testing did not support the severe limitations assigned by Drs.

Bryant and Alexander, and they did not see Franklin more than a few times. Dr. Vora

conducted a clinical objective physical exam of Franklin and found minimal

functional problems. Franklin did not complain of ankle or wrist pain at any visits

with Dr. Alexander, so there is no basis for Dr. Alexander's extreme restrictions.

As for the ALJ's credibility analysis, he properly discussed the factors used

for evaluating subjective complaints of pain. Before coming to a conclusion on a

claimant's credibility, the ALJ must give full consideration to all of the evidence

presented relating to subjective complaints, including prior work record, as well as

observations by third parties and treating and examining physicians regarding: 1) the

claimant's daily activities; 2) the duration, frequency, and intensity of pain; 3)

precipitating and aggravating factors; 4) dosage, effectiveness and side effects of

medication; and 5) functional restrictions. *Polaski v. Heckler*, 751 F.2d 943, 948 (8th

Cir. 1984).[2]

An ALJ "has a duty to assess the credibility of the claimant and other

---

[2]   Social Security Ruling 16-3p, 2016 SSR LEXIS 4, removed the word "credibility" from the analysis of a claimant's subjective complaints, replacing it with "consistency" of a claimant's allegations with other evidence. It became effective on March 28, 2016, but the underlying analysis still incorporates the same factors discussed in *Polaski* and requires the ALJ to make a determination based on all evidence in the record. *Martsolf v. Colvin*, No. 6: 16-cv-00348-NKL, 2017 U.S. Dist. LEXIS 2748 (W.D. Mo. Jan. 9, 2017). The Court notes that the date of the hearing decision in this case predated the effective date of SSR 16-3p, so the Court applies the standard credibility analysis here.

witnesses." *Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir. 1992). A reviewing court "will defer to an ALJ's credibility finding as long as the ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so." *Wildman v. Astrue*, 596 F.3d 959, 968 (8th Cir. 2010).

The ALJ discussed Franklin's activities of daily living, which included walking to the library, reading, using a computer, fixing meals for himself, attending to personal hygiene, and doing daily chores. (Tr. at 30, 63-64). Such daily activities undermine his claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995); *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003). As well, Franklin told Dr. Bryant on January 24, 2014 that he injured his wrist when he fell out of a deer stand, which does not comport with Franklin's complaints that he could not walk or climb. (Tr. at 329). The ALJ also discussed minimal treatment for musculosketelal impairments, and noted that Franklin did not make any musculoskeletal complaints at multiple doctors' visits. (Tr. at 31). The need for only conservative treatment contradicts allegations of disabling pain. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993).

The ALJ also explained in his credibility discussion that Franklin's complaints of pain were not supported by medical findings. (Tr. at 31). Objective testing was generally negative. Objective tests showing mild to moderate conditions

do not support a finding of disability. *Masterson v. Barnhart*, 363 F.3d 731, 738-39 (8th Cir. 2004). In this case, the ALJ gave good reasons for finding Franklin less than credible.

Finally, the RFC properly incorporated Franklin's actual limitations. A claimant's RFC represents the most he can do despite the combined effects of all of his credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining the claimant's [RFC], the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of [his] impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996). The ALJ appropriately considered the opinions of the medical providers and the objective evidence in assigning the RFC, which was, in fact, more restrictive than the RFC proposed by the state-agency consulting physicians. The ALJ did not err in his RFC determination.

## V.   Conclusion:

There is substantial evidence to support the Commissioner's decision that Franklin was not disabled. The ALJ did not err in his credibility finding or RFC determination, and he assigned proper weight to the medical opinions.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be

AFFIRMED and that the case be DISMISSED, with prejudice.

DATED this 26th day of September, 2017.

_____

UNITED STATES MAGISTRATE JUDGE